IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,      )
                               )
                    Plaintiff  )
                               )
        vs.                    )        No. CR-13-61-C
                               )        CIV-16-690-C
STEVEN MICAH SHANE,            )
                               )
                    Defendant  )

MEMORANDUM OPINION AND ORDER

Defendant has filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody. The Court appointed the Office of the Federal Public Defender for the Western District of Oklahoma who filed a supplement to Defendant's pro se Motion. Plaintiff has responded and Defendant has replied.

Defendant seeks relief from his sentence based on the United States Supreme Court's decision in Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551 (2015). In Johnson, the Supreme Court held the residual clause of the Armed Career Criminal Act was void for vagueness. Defendant argues that the three predicate offenses required for enhancement under 18 U.S.C. § 1924(e) ("ACCA") are present only through application of the now void residual clause.

Defendant pled guilty to a two-count superseding Indictment which charged him with possession with intent to distribute methamphetamine and possession of a firearm after conviction of a felony. The United States Probation Office prepared a Presentence Investigation Report ("PSR"). The PSR concluded that Defendant was subject to

enhancement under the ACCA on Count II and the Career Offender Guideline on Count I. The predicate offenses identified by the PSR were (1) assault and battery with a dangerous weapon in the District Court of Cleveland County, (2) assault and battery with a dangerous weapon with intent to injure in the District Court of Cleveland County, and (3) assault and battery with a dangerous weapon in the District Court of Lincoln County. Each prior conviction was based on violation of 21 Okla. Stat. § 645. Defendant argues that any conviction under that statute will not satisfy any of the element clauses of either the ACCA or the Sentencing Guidelines § 4B1.1. Thus, he argues, he is entitled to resentencing.

Any argument Defendant raises pursuant to USSG § 4B1.1 is foreclosed by the United States Supreme Court's decision in Beckles v. United States, ___ U.S. ___, 137 S.Ct. 886 (2017). Because the Guidelines were applied in an advisory fashion to Defendant, he cannot raise a vagueness challenge to them now. Id. at 895.

Defendant's argument that his prior convictions cannot serve as predicate offenses under the ACCA is foreclosed by the Tenth Circuit's decision in United States v. Mitchell, 653 F. App'x 639 (10th Cir. 2016). There, the Tenth Circuit decided that conviction of § 645 for assault with a dangerous weapon qualified as a violent felony. Id. at 643-44. Defendant argues that Mitchell does not control because it failed to apply the proper approach and it did not consider the Supreme Court's guidance in Mathis*. However, the Tenth Circuit has recently considered the effect of Mathis on Mitchell and determined that

---

* See Mathis v. United States, ___ U.S. ___, 136 S.Ct. 2243 (2016).

it did not affect the outcome.    See United States v. Taylor, 843 F.3d 1215 (10th Cir. 2016).

There, the Tenth Circuit reaffirmed the following holding from Mitchell:

> "The statute here criminalizes an intentional attempt or threat to commit violence on another--that is, either an attempted-battery assault or an apprehension-causing assault--with a weapon capable of causing great bodily harm.    In other words, a conviction under this portion of § 645 categorically requires proof of the attempted use or threatened use of violent force. Following our precedent, a conviction under these elements of § 645 'is categorically a crime of violence under all circumstances.'    [United States v. ]Madrid, 805 F.3d [1204] at 1207 [(10th Cir. 2015)]."

Taylor, 843 F.3d at 1224 (quoting Mitchell, 653 F. App'x at 645).    In light of this clear ruling, Defendant's arguments to the contrary are unavailing and his Motion will be denied.

For the reasons set forth herein, Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Dkt. No. 45) is DENIED.    A separate Judgment will issue.

IT IS SO ORDERED this 13th day of April, 2017.

ROBIN J. CAUTHRON
United States District Judge